O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GINA BALASANYAN; NUNE
NALBANDIAN, on behalf of
themselves all others
similarly situated,

Plaintiffs,

v.

NORDSTROM, INC., a
Washington corporation,

Defendant.

) Case No. CV 11-05689 DDP (JCGx)
)
)
) **ORDER GRANTING DEFENDANT'S MOTION**
) **TO TRANSFER**
)
)
)
)
)
) [Dkt. No. 11]
)
)
)

Presently before the court is Defendant's Motion to Transfer Venue to the Southern District of California. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I. Background**

Plaintiffs are employed by Defendant on a commission basis at Nordstrom stores in Los Angeles County. (Complaint ¶¶ 1, 3.) Plaintiffs allege that they are required to perform stocking and marketing duties that cannot result in commissioned sales, and that Plaintiffs are not compensated in any way for this "Non-Sell

1  Period" work.  (Compl. ¶¶ 13-14, 16.)  Plaintiffs therefore filed

2  the instant action on behalf of a purported nationwide class,

3  alleging violations of California's minimum wage laws, federal Fair

4  Labor Standards Act ("FLSA") minimum wage violations, and unfair

5  business practices in violation of California Business and

6  Professions Code Section 7200.  Defendant now moves to transfer

7  this case to the Southern District of California.

8  **II.  Discussion**

9       "For the convenience of parties and witnesses, in the interest

10 of justice, a district court may transfer any civil action to any

11 other district or division where it might have been brought."

12 28 U.S.C. § 1404(a).  Forum non conveniens-type considerations,

13 including the public and private interest factors affecting the

14 convenience of a particular forum, are helpful in deciding transfer

15 motions under Section 1404.  <u>Decker Coal Co. v. Commonwealth Edison</u>

16 <u>Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).  This court, however, has

17 discretion to adjudicate transfer motion "according to an

18 individualized, case-by-case consideration of convenience and

19 fairness."  <u>Jones v. GNC Franchising, Inc.</u>, 211 F.3d 495, 498 (9th

20 Cir. 2000).  The interests of justice, including judicial economy,

21 may be particularly important in some cases.  <u>Wood v. Best Buy Co.,</u>

22 <u>Inc.</u>, 2011 WL 3740812 *1 (N.D. Cal. August 25, 2011); <u>Fraser v.</u>

23 <u>Genesco</u>, 2011 WL 4566312 *3 (E.D. Cal. September 29, 2011).

24      Here, Defendant argues that this case should be transferred to

25 the Southern District because it presents issues identical to those

26 presented in an earlier-filed action, <u>Maraventano v. Nordstrom,</u>

27 <u>Inc.</u>, 10-CV-02761-JM (WMC).  Like Plaintiffs here, the <u>Maraventano</u>

28 plaintiffs allege that Defendant did not compensate commissioned

1  salespeople for all hours worked in Nordstrom stores.  The
2  Maraventano plaintiffs purportedly represent all of Defendant's
3  commissioned salespeople within California, and bring only state
4  law claims for minimum wage violations and unfair business
5  practices.  Plaintiffs in this case are members of the Maraventano
6  purported class, and vice versa.

7      "Although great weight is generally accorded plaintiff's
8  choice of forum, when an individual brings a derivative suit or
9  represents a class, the named plaintiff's choice of forum is given
10 less weight." Lou v. Belzberg, 874 F.2d 730 (9th Cir. 1987).
11 While, the court recognizes that the named Plaintiffs here reside
12 in the Central District, and would be somewhat inconvenienced by
13 travel to the Southern District.  The court notes, however, that
14 the distances in question are not great, and that the Southern
15 District of California is easily accessible from Los Angeles by
16 both car and rail.  The convenience of the parties, therefore, is a
17 neutral factor in the transfer analysis.[1]  Nor is the Central
18 District better suited to resolve this matter than the Southern
19 District.  At the same time, the convenience of witnesses and ease
20 of access to proof weighs in favor of transfer.  Absent transfer,
21 many of the same witnesses, including residents of Washington, and
22 documents will need to be produced twice.  Transfer, and potential
23 consolidation, will likely do much to resolve the "practical
24 problems that make trial of a case easy, expeditious, and
25 inexpensive." Decker Coal, 805 F.2d at 843.
26 ///

27

28
        [1] Defendant's counsel is located in San Diego.

1    Furthermore, "to permit a situation in which two cases

2  involving precisely the same issues in different District Courts

3  leads to the wastefulness of time, energy and money that § 1404(a)

4  was designed to prevent." <u>Wood</u>, 2011 WL * 1 (quoting <u>Continental</u>

5  <u>Grain Co. v. Barge FBL-585</u>, 364 U.S. 19, 26 (1960).  As in <u>Wood</u>,

6  Plaintiffs' claims and the class they seek to represent are nearly

7  identical to those in the case pending in the Southern District.

8  <u>Id.</u>   Thus, "the interest of justice, including interests in

9  judicial economy and preventing inconsistent rulings, weighs

10  heavily in favor of transfer."  <u>Id.</u>; <u>See also</u> <u>Bennett v. Bed Bath</u>

11  <u>and Beyond, Inc.</u>, 2011 WL 3022126 *2 (N.D. Cal. July 22, 2011)

12  ("[T]he interest in judicial economy is enough to support transfer

13  regardless of the other factors.").

14  **III.  Conclusion**

15    For the reasons stated above, Defendant's Motion to Transfer

16  Venue to the Southern District of California is GRANTED.   In

17  addition, the MOTION TO COMPEL ARBITRATION (DOCKET NUMBER 19) is

18  vacated to be re-filed and re-noticed.

19

20  IT IS SO ORDERED.

21

22

23  Dated: November 9, 2011

24                                    DEAN D. PREGERSON
                                      United States District Judge

25

26

27

28

4