O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA BALASANYAN; NUNE NALBANDIAN, on behalf of themselves all others similarly situated,<br><br>       Plaintiffs,<br><br>   v.<br><br>NORDSTROM, INC., a Washington corporation,<br><br>       Defendant. | Case No. CV 11-05689 DDP (JCGx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER**<br><br>[Dkt. No. 11] |

Presently before the court is Defendant's Motion to Transfer Venue to the Southern District of California. Having considered the submissions of the parties, the court grants the motion and adopts the following order.

**I.   Background**

Plaintiffs are employed by Defendant on a commission basis at Nordstrom stores in Los Angeles County. (Complaint ¶¶ 1, 3.) Plaintiffs allege that they are required to perform stocking and marketing duties that cannot result in commissioned sales, and that Plaintiffs are not compensated in any way for this "Non-Sell

1  Period" work.  (Compl. ¶¶ 13-14, 16.)  Plaintiffs therefore filed
2  the instant action on behalf of a purported nationwide class,
3  alleging violations of California's minimum wage laws, federal Fair
4  Labor Standards Act ("FLSA") minimum wage violations, and unfair
5  business practices in violation of California Business and
6  Professions Code Section 7200.  Defendant now moves to transfer
7  this case to the Southern District of California.
8  **II.  Discussion**
9      "For the convenience of parties and witnesses, in the interest
10 of justice, a district court may transfer any civil action to any
11 other district or division where it might have been brought."
12 28 U.S.C. § 1404(a).  Forum non conveniens-type considerations,
13 including the public and private interest factors affecting the
14 convenience of a particular forum, are helpful in deciding transfer
15 motions under Section 1404.  Decker Coal Co. v. Commonwealth Edison
16 Co., 805 F.2d 834, 843 (9th Cir. 1986).  This court, however, has
17 discretion to adjudicate transfer motion "according to an
18 individualized, case-by-case consideration of convenience and
19 fairness."  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th
20 Cir. 2000).   The interests of justice, including judicial economy,
21 may be particularly important in some cases.  Wood v. Best Buy Co.,
22 Inc., 2011 WL 3740812 *1 (N.D. Cal. August 25, 2011); Fraser v.
23 Genesco, 2011 WL 4566312 *3 (E.D. Cal. September 29, 2011).
24      Here, Defendant argues that this case should be transferred to
25 the Southern District because it presents issues identical to those
26 presented in an earlier-filed action, Maraventano v. Nordstrom,
27 Inc., 10-CV-02761-JM (WMC).  Like Plaintiffs here, the Maraventano
28 plaintiffs allege that Defendant did not compensate commissioned

2

salespeople for all hours worked in Nordstrom stores.  The Maraventano plaintiffs purportedly represent all of Defendant's commissioned salespeople within California, and bring only state law claims for minimum wage violations and unfair business practices.  Plaintiffs in this case are members of the Maraventano purported class, and vice versa.

"Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."  Lou v. Belzberg, 874 F.2d 730 (9th Cir. 1987). While, the court recognizes that the named Plaintiffs here reside in the Central District, and would be somewhat inconvenienced by travel to the Southern District.  The court notes, however, that the distances in question are not great, and that the Southern District of California is easily accessible from Los Angeles by both car and rail.  The convenience of the parties, therefore, is a neutral factor in the transfer analysis.[1]  Nor is the Central District better suited to resolve this matter than the Southern District.  At the same time, the convenience of witnesses and ease of access to proof weighs in favor of transfer.  Absent transfer, many of the same witnesses, including residents of Washington, and documents will need to be produced twice.  Transfer, and potential consolidation, will likely do much to resolve the "practical problems that make trial of a case easy, expeditious, and inexpensive."  Decker Coal, 805 F.2d at 843.

///

---

[1] Defendant's counsel is located in San Diego.

1    Furthermore, "to permit a situation in which two cases involving precisely the same issues in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Wood, 2011 WL * 1 (quoting Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960). As in Wood, Plaintiffs' claims and the class they seek to represent are nearly identical to those in the case pending in the Southern District. Id. Thus, "the interest of justice, including interests in judicial economy and preventing inconsistent rulings, weighs heavily in favor of transfer." Id.; See also Bennett v. Bed Bath and Beyond, Inc., 2011 WL 3022126 *2 (N.D. Cal. July 22, 2011) ("[T]he interest in judicial economy is enough to support transfer regardless of the other factors.").

### III. Conclusion

For the reasons stated above, Defendant's Motion to Transfer Venue to the Southern District of California is GRANTED. In addition, the MOTION TO COMPEL ARBITRATION (DOCKET NUMBER 19) is vacated to be re-filed and re-noticed.

IT IS SO ORDERED.

Dated: November 9, 2011

DEAN D. PREGERSON
United States District Judge

4