KATHRYN LEE BOYD, ESQ. (SBN 189496)
lboyd@srbr-law.com
DARCY R. HARRIS, ESQ. (SBN 200594)
dharris@srbr-law.com
JEFF D. NEIDERMAN, ESQ. (SBN 203818)
jneiderman@srbr-law.com
SHERLI SHAMTOUB, ESQ. (SBN 270022)
sshamtoub@srbr-law.com
SCHWARCZ, RIMBERG, BOYD & RADER LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

*Attorneys for Plaintiffs, Gina Balasanyan and Nune Nalbandian*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina BALASANYAN, an individual, and Nune NALBANDIAN, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Washington corporation; DOES 1-100, inclusive,<br><br>Defendants. | **Civil No. 11-CV-2609 JM (WMc)**<br><br>**DECLARATION OF KATHRYN LEE BOYD, ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT NORDSTROM INC.'S MOTION TO COMPEL ARBITRATION AND STAY ALL CIVIL COURT PROCEEDINGS**<br><br>Date:   TBD<br>Time:   10:00 a.m.<br>Ctrm:   16<br>Judge:  Hon. Jeffrey T. Miller |

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

Boyd Declaration in Support of Opp. to Motion to Compel Arbitration

Balasanyan et al. v. Nordstrom, Inc.
11-CV-2609 JM (WMc)

# DECLARATION OF KATHRYN LEE BOYD

I, KATHRYN LEE BOYD, hereby declare as follows:

1. I am an attorney licensed to practice in the state of California, and to appear before the Southern District of California. I am a partner at the law firm of Schwarcz, Rimberg, Boyd & Rader, LLP ("SRBR") counsel of record for Plaintiffs Gina Balasanyan and Nune Nalbandian ("Plaintiffs") in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. SRBR represents, among others, employees in class action and individual litigation against their employers and former employers under the Federal and California labor laws, commonly known as wage and hour litigation. Furthermore, I know and speak with other attorneys who have litigated wage and hour claims on both a class and individual basis.

3. When evaluation a prospective employment or wage and hour case, once the prospective client represents facts showing a violation of Federal or California law, the defining factor I consider in determining whether the firm will proceed to represent such person is the potential damages of his or her claim. Because labor violation cases are typically taken on a contingency basis, it is important to measure the potential damages against the resources of the firm and the costs of litigation (whether in court or arbitration).

4. While the potential damages of a class or individual litigation are difficult to calculate with precision prior to discovery, I consider factors including, but not limited to: the violations claimed, the worker's hourly rate or salary, the number of hours worked, the documentary evidence retained by the worker, whether the worker has signed a release of claim, and whether the worker is bound by an arbitration agreement. This is not an exhaustive list of factors, but they are some of the factors that were relevant in my initial assessment of Plaintiffs' case.

5. Based on my consideration of these and other factors, the attendant risk of litigation, Plaintiffs' declarations (submitted concurrently herewith) and my experience, it is my opinion that each Plaintiff's individual yearly lost wages could be approximately $3,000 to $4,500.

1  Furthermore, lost wages of many putative class members could be significantly less depending
2  on the length of their employment and their prevailing wage.

3  6.   The modest potential recovery of Plaintiffs' respective individual claims would not
4  justify the expense and practical difficulties of such suits, and it would be economically
5  impractical for SRBR to pursue such cases. Typically, and likely in this instance, Plaintiffs'
6  claims may require extensive discovery and document review because the amount of damages is
7  based on the sum of each individual violation. Typically, and likely in this instance, the
8  attorney may have to review daily time sheets or clock-in times to determine days and hours
9  worked for the statutory period of the claims. This undertaking is not only time and
10 (wo)manpower-intensive, it is costly. Where there is a failure by the employer to maintain
11 accurate records, or the records do not reflect the actual damages sustained, experts are required
12 to accurately determine the damages. This too, significantly increases the length and cost of
13 litigation. Finally, Plaintiffs' action, as with wage and hour cases in general, entails complex
14 legal issues.

15 7.   Furthermore, SRBR pursues employment and wage and hour cases on a contingent basis
16 because workers invariably cannot afford the attorney's fees associated with an action (whether
17 in arbitration or court). Even though the law provides some fee-shifting provisions, there is no
18 guarantee that the court will award fees or, even if the fee is awarded, that it will fully
19 compensate for the time and effort expended. For these reasons, neither we, nor co-counsel we
20 partner with -- represent individuals in low damages cases. It simply would not make sense
21 economically.

22 8.   I am a proponent of wage and hour class actions because, in my opinion and based on
23 my experience, they lead to policy changes that favor and protect workers and, thereby, deter
24 future labor violations. Individual actions, however, typically do not have the same effect on
25 employers' policies and conduct toward their workers. Based on my experience, and
26 considering the fact that in the past four years no individual wage and hour arbitration
27 proceedings have been initiated against Nordstrom, it is my opinion that by eliminating the risk
28

of wage and hour class actions, Nordstrom will be incentivized to engage in labor law violations with impunity.  This is especially true if Nordstrom's cost of paying occasional judgments and fines may be significantly outweighed by the cost of savings from not paying wages and other benefits owed to its employees.  Based on Nordstrom's representation that in the past four years, only five none litigation wage and hour actions (either brought in the California Division of Labor Standards Enforcement ("DLSE") or small claims) were brought against it and the aggregate total of those actions was approximately $27,000.00, it is my opinion that Nordstrom would benefit economically by paying those modest judgments while continuing to violate wage and hour laws.

9.	Finally, based on my experience, discussion with other labor attorneys, and the current state of the economy, most workers will suffer wage and hour violations rather than become involved in a lawsuit due to their fear of retaliation and termination.  This is especially true if the employees are still employed by the violating employer.

10.	In my opinion, and given Nordstrom's conduct, the class action waiver provision was introduced as a means to disenfranchise aggrieved employees who would otherwise be entitled to join at least one, if not all, of the five pending class actions against Nordstrom.   By introducing the class action waiver and applying it retroactively, Nordstrom solely benefits because it significantly lowers the number of potential class members, while providing no benefit to its employees.  It also permits Nordstrom to potentially escape liability altogether because the potential recovery in most cases is insufficient to justify individual litigation.

11.	The above circumstances serve as real-world examples of obstacles individual plaintiffs face in securing legal representation for wage and hour claims they have against their employers.

12.	At the time Nordstrom introduced the class action waiver to its arbitration agreement, I represented Plaintiffs' in the action and Nordstrom was aware of that fact.  Notwithstanding that knowledge, Nordstrom did not contact my firm and inform us of the change to its arbitration agreement.

I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

Executed on January 12, 2012 at Los Angeles, California.

    /s/   Kathryn Lee Boyd
            Kathryn Lee Boyd