# EXHIBIT 6

JULIE A. DUNNE, Bar No. 160544
LARA K. STRAUSS, Bar No. 222866
JOSHUA LEVINE, Bar No. 239563
LITTLER MENDELSON
A Professional Corporation
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
Telephone: 619.232.0441

Attorneys for Defendant
NORDSTROM, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINA BALASANYAN; NUNE NALBANDIAN, on behalf of themselves all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC., a Washington Corporation; and DOES 1-100, inclusive,<br><br>Defendant. | Case No. 11cv2609 JM (WMc)<br><br>**DEFENDANT NORDSTROM INC.'S RESPONSE TO PLAINTIFFS' INTERROGATORIES (SET ONE)** |

PROPOUNDING PARTY:     Plaintiffs Gina Balasanyan and Nune Nalbandian

RESPONDING PARTY:      Defendant Nordstrom, Inc.

SET NO.:               One

Pursuant to the parties' stipulation, Defendant Nordstrom, Inc. ("Nordstrom") responds and objects to Plaintiffs Gina Balasanyan's and Nune Nalbandian's Interrogatories, Set One, as follows:

### GENERAL OBJECTIONS

These responses and objections are made solely for the purpose of this action and, specifically, for purposes of resolution of Nordstrom's motion to compel arbitration. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and any and all other objections and grounds that would require the exclusion of any such responses at

trial and/or arbitration, all of which objections and grounds are reserved and may be interposed at the time of trial and/or arbitration.

The following responses are based upon information presently available to Nordstrom and, except for explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that Nordstrom has responded to part or all of any interrogatory is not intended and shall not be construed to be a waiver by Nordstrom of all or any part of any objection to any interrogatory.

To the extent that any or all of the interrogatories call for information or material protected from discovery by the work product doctrine, the attorney-client privilege and/or a right of privacy, Nordstrom objects to each and every such interrogatory.

The above-stated objections are hereby made applicable to each and all of the interrogatories and are, as to each and all of them, incorporated by reference as if fully set forth therein.

## RESPONSES AND OBJECTIONS

**INTERROGATORY NO. 1:**

State the number of instances and outcomes (excluding employee names and the dollar figures of confidential settlements) where Nordstrom initiated arbitration against commission-based sales employees from January 1, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Nordstrom objects to the interrogatory as vague, ambiguous and overbroad, particularly as to the terms "outcomes" and "commission-based sales employees." Nordstrom objects to the interrogatory to the extent it seeks information subject to third party statutory and constitutional privacy rights and information from confidential arbitration proceedings. Nordstrom objects to the interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and contradicts authority permitting only limited, if any, discovery related to the enforceability of an arbitration agreement under the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 111784 (E.D. Cal. 2011) (denying discovery on arbitration issues as "wasteful of the parties and the court's resources" based on *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Subject to and without waiving the foregoing objections and responding

NORDSTROM'S RESPONSE TO
INTERROGATORIES, SET ONE

2.

Exhibit 6

only as to employees who worked in draw commission sales position on or after April 5, 2007, Nordstrom provides the following response:

0.

**INTERROGATORY NO. 2:**

State the number of instances and outcomes (excluding employee names or the dollar figures of confidential settlements) where Nordstrom initiated non-arbitration legal proceedings (i.e., civil litigation or a formal administrative proceeding) against commission based sales employees from January 1, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Nordstrom objects to the interrogatory as vague, ambiguous and overbroad, particularly as to the terms "outcomes" and "commission-based sales employees." Nordstrom objects to the interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and contradicts authority permitting only limited, if any, discovery related to the enforceability of an arbitration agreement under the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 111784 (E.D. Cal. 2011) (denying discovery on arbitration issues as "wasteful of the parties and the court's resources" based on *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Subject to and without waiving the foregoing objections and responding only as to employees who worked in draw commission sales position on or after April 5, 2007, Nordstrom provides the following response:

0.

**INTERROGATORY NO. 3:**

State the number of instances and the outcomes (excluding employee names and the dollar figures of confidential settlements) in which commission based sales employees filed wage and hour claims against Nordstrom in arbitration from January 1, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 3:**

Nordstrom objects to the interrogatory as vague, ambiguous and overbroad, particularly as to the terms "outcomes" and "commission-based sales employees." Nordstrom objects to the

NORDSTROM'S RESPONSE TO INTERROGATORIES, SET ONE

3.

Exhibit 6

interrogatory to the extent it seeks information subject to third party statutory and constitutional privacy rights and information from confidential arbitration proceedings. Nordstrom objects to the interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and contradicts authority permitting only limited, if any, discovery related to the enforceability of an arbitration agreement under the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 111784 (E.D. Cal. 2011) (denying discovery on arbitration issues as "wasteful of the parties and the court's resources" based on *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Subject to and without waiving the foregoing objections and responding only as to employees who worked in draw commission sales position on or after April 5, 2007, Nordstrom provides the following response:

0.

**INTERROGATORY NO. 4:**

State the number of instances and a description of the outcomes (excluding employee names and the dollar figures of confidential settlements) in which commission based sales employees filed wage and hour claims against Nordstrom in non-arbitration legal proceedings (civil or administrative claims) from January 1, 2008 to the present.

**RESPONSE TO INTERROGATORY NO. 4:**

Nordstrom objects to the interrogatory as vague, ambiguous and overbroad, particularly as to the terms "outcomes" and "commission-based sales employees." Nordstrom objects to the interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and contradicts authority permitting only limited, if any, discovery related to the enforceability of an arbitration agreement under the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 111784 (E.D. Cal. 2011) (denying discovery on arbitration issues as "wasteful of the parties and the court's resources" based on *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Subject to and without waiving the foregoing objections and responding

TTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NORDSTROM'S RESPONSE TO INTERROGATORIES, SET ONE    4.    Exhibit 6

only as to employees who worked in draw commission sales position on or after April 5, 2007, Nordstrom provides the following response:

| Number | Description of Outcome |
|---|---|
| 1 | This matter was filed as a putative class action and alleged a claim for failure to timely pay final wages (vacation and other wages) and derivative claims for unfair business practices and penalties under the California Private Attorneys General Act ("PAGA"). The court denied class certification. The matter is still pending on an individual basis. The court has not yet decided the merits of the claims. |
| 2 | This action was filed as a putative class action, alleging a claim for failure to pay overtime and derivative claims for failure to timely pay final wages, unfair business practices and wage statement violations. The plaintiff dismissed the lawsuit with prejudice. |
| 3 | This matter was filed with the California Division of Labor Standards Enforcement ("DLSE") and alleged that Nordstrom failed to timely pay commission wages at separation. It was resolved through a settlement. |
| 4 | This matter was filed in small claims court and alleged that Nordstrom failed to timely pay wages at separation because of late delivery of the employee's final paycheck. It was resolved through a settlement. |
| 5 | This matter was filed as a putative class action, alleging a claim for failure to pay minimum wages for time spent on stock assignments and derivative claims for failure to timely pay final wages, unfair business practices and wage statement violations. The case is still pending. The court has not decided the issue of class certification and has not yet decided the merits of the claims. |
| 6 | This matter was filed with the DLSE and alleged that Nordstrom owed penalties because of failure to pay timely pay reporting time pay at separation. It was resolved through a settlement. |
| 7 | This matter was filed with the DLSE and alleged that Nordstrom failed to timely pay wages at separation because Nordstrom had wages available in cash, not a check. The DLSE dismissed the claim. |
| 8 | This matter was filed with the DLSE and alleged that Nordstrom made unlawful deductions from wages. It was resolved through a settlement. |
| 9 | This matter was filed with the DLSE and alleged that Nordstrom did not pay wages for time worked off the clock. The employee elected not to pursue the complaint. |
| 10 | This matter was filed as a putative class action by the same employee who filed the DLSE complaint referenced in #9, alleging claims for failure to pay regular and overtime wages for off-the-clock work, unreimbursed expenses, unlawful wage deductions, failure to provide seating and derivative claims for wage statement violations, unfair business practices, failure to timely pay wages at termination and PAG penalties. The lawsuit is still pending. The court has not decided the issue of class certification and has not yet decided the merits of the claims. |

TTLER MENDELSON, P.C
A PROFESSIONAL CORPORATION
501 W. Broadway
Suite 900
San Diego, CA 92101.3577
619.232.0441

NORDSTROM'S RESPONSE TO
INTERROGATORIES, SET ONE

5.

Exhibit 6

| | |
|---|---|
| 11 (this action) | This matter was filed as a putative class action, alleging claims for failure to pay minimum wage for non-commission producing activities (including stock assignments and marketing activities) and derivative claims for declaratory relief, unfair business practices and PAGA penalties. The lawsuit is still pending. The court has not decided the issue of class certification and has not yet decided the merits of the claims. |
| 12 | This matter was filed as a single-plaintiff in California state court and includes claims for failure to provide meal and rest periods and derivative claims for failure to timely pay wages at separation and wage statement violations. The lawsuit has not been served. |

**INTERROGATORY NO. 5:**

State whether the employees in any responsive arbitrations and/or non-arbitration legal proceedings were represented by counsel.

**RESPONSE TO INTERROGATORY NO. 5:**

Nordstrom objects to the interrogatory as vague, ambiguous and overbroad, particularly as to the terms "outcomes" and "commission-based sales employees." Nordstrom objects to the interrogatory to the extent that it seeks information subject to third party statutory and constitutional privacy rights and information from confidential arbitration proceedings. Nordstrom objects to the interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and contradicts authority permitting only limited, if any, discovery related to the enforceability of an arbitration agreement under the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 111784 (E.D. Cal. 2011) (denying discovery on arbitration issues as "wasteful of the parties and the court's resources" based on *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Subject to and without waiving the foregoing objections and responding only as to employees who worked in draw commission sales position on or after April 5, 2007 and based on information apparent from the complaints, Nordstrom provides the following response:

| Number | Represented by Counsel |
|---|---|
| 1 | Yes |
| 2 | Yes |
| 3 | Unknown |

| 4 | No |
|---|---|
| 5 | Yes |
| 6 | Unknown |
| 7 | Unknown |
| 8 | Unknown |
| 9 | Yes |
| 10 | Yes |
| 11 (this action) | Yes |
| 12 | Yes |

**INTERROGATORY NO. 6:**

State the dollar amount at issue in any responsive arbitrations and/or non-arbitration legal proceedings, to the extent there was a specific amount claimed or alleged (other than a jurisdictional statement).

**RESPONSE TO INTERROGATORY NO. 6:**

Nordstrom objects to the interrogatory as vague, ambiguous and overbroad, particularly as to the terms "outcomes" and "commission-based sales employees." Nordstrom objects to the interrogatory to the extent that it seeks information subject to third party statutory and constitutional privacy rights and seeks information from confidential arbitration proceedings. Nordstrom objects to the interrogatory on the grounds that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and contradicts authority permitting only limited, if any, discovery related to the enforceability of an arbitration agreement under the FAA. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see, e.g., Alvarez v. T-Mobile USA, Inc.*, 2011 U.S. Dist. LEXIS 111784 (E.D. Cal. 2011) (denying discovery on arbitration issues as "wasteful of the parties and the court's resources" based on *AT&T Mobility LLC v. Concepcion*, 131 S.Ct. 1740 (2011)). Subject to and without waiving the foregoing objections and responding only as to employees who worked in draw commission sales position on or after April 5,

2007, Nordstrom provides the following response:

| Number | Amount Alleged At Issue |
|---|---|
| 1 | No specific amount alleged in the complaint. |
| 2 | No specific amount alleged in the complaint. |
| 3 | $2,500 alleged in the DLSE complaint. |
| 4 | $323.20 alleged in the complaint. |
| 5 | No specific amount alleged in the complaint. |
| 6 | $1,920 alleged in the DLSE complaint. |
| 7 | $17,129.72 alleged in the DLSE complaint. |
| 8 | $2,114.70 alleged in the DLSE complaint. |
| 9 | $3,929.76 alleged in the DLSE complaint. |
| 10 | No specific amount alleged in the complaint. |
| 11 (this action) | No specific amount alleged in the complaint. |
| 12 | No specific amount alleged in the complaint. |

Dated: January 9, 2012

JULIE A. DUNNE
LARA K. STRAUSS
JOSHUA LEVINE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant

NORDSTROM'S RESPONSE TO
INTERROGATORIES, SET ONE                         8.

Exhibit 6

## VERIFICATION

I am employed by Nordstrom, Inc., authorized to make this verification for and on behalf of Nordstrom and I make this verification for that reason. I have read the foregoing DEFENDANT NORDSTROM INC.'S RESPONSE TO PLAINTIFFS' INTERROGATORIES (SET ONE) and am familiar with the contents. Based upon information provided to me, I am informed and believe and on that ground allege that the matters stated in the response are true.

I declare under penalty of perjury under the laws of the United States, based on my information and belief, that the foregoing is true and correct. Executed at Seattle, Washington, on January 9, 2012.

Print Name: Mary Porter
Title: Director, HR Compliance
Signature: _____

Firmwide:105765851.3 058713.1031

NORDSTROM'S RESPONSE TO INTERROGATORIES, SET ONE — 9.

Exhibit 6

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 501 W. Broadway, Suite 900, San Diego, California 92101.3577. On January 9, 2012, I served the within document(s):

**DEFENDANT NORDSTROM'S INC.'S RESPONSE TO PLAINTIFFS' INTERROGATORIES (SET ONE)**

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 619.232.4302. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Diego, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is _____@littler.com.

Jeff D. Neiderman, Esq.
Kathryn Lee Boyd, Esq.
Sherli Shamtoub, Esq.
Schwarez Rimberg Boyd & Rader LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, CA 90048
Tel: 323-302-9488

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it

---

PROOF OF SERVICE                                     Exhibit 6

1  would be deposited with the U.S. Postal Service or if an overnight delivery service shipment,
2  deposited in an overnight delivery service pick-up box or office on the same day with postage or fees
3  thereon fully prepaid in the ordinary course of business.
4         I declare under penalty of perjury under the laws of the State of California that the
5  above is true and correct. Executed on January 9, 2012, at San Diego, California.

*[signature]*
Pamela Gomez

Firmwide:106709751.1 058713.1031

LITTLER MENDELSON, P.C.
A PROFESSIONAL CORPORATION
501 W Broadway
Suite 900
San Diego, CA 92101 3577
619 232 0441