1  KATHRYN LEE BOYD, ESQ. (SBN 189496)
   lboyd@srbr-law.com
2  DARCY R. HARRIS, ESQ. (SBN 200594)
   dharris@srbr-law.com
3  JEFF D. NEIDERMAN, ESQ. (SBN 203818)
   jneiderman@srbr-law.com
4  SHERLI SHAMTOUB, ESQ. (SBN 270022)
   sshamtoub@srbr-law.com
5  SCHWARCZ, RIMBERG, BOYD & RADER LLP
   6310 San Vicente Boulevard, Suite 360
6  Los Angeles, California 90048
   Phone: (323) 302-9488
7  Fax: (323) 931-4990
   *Attorneys for Plaintiffs, Gina Balasanyan and Nune Nalbandian*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina BALASANYAN, an individual, and Nune NALBANDIAN, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Washington corporation; DOES 1-100, inclusive,<br><br>Defendants. | Civil No. 11-CV-2609 JM (WMc)<br><br>**DECLARATION OF GINA BALASANYAN IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANT NORDSTROM INC.'S MOTION TO COMPEL ARBITRATION AND STAY ALL CIVIL COURT PROCEEDINGS**<br><br>Date:   TBD<br>Time:   10:00 a.m.<br>Ctrm:   16<br>Judge:  Hon. Jeffrey T. Miller |

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

Balasanyan Declaration in Support of Opp. to Motion to Compel Arbitration

Balasanyan et al. v. Nordstrom, Inc.
11-CV-2609 JM (WMc)

# DECLARATION OF GINA BALASANYAN

I, GINA BALASANYAN, hereby declare as follows:

1. I am over eighteen years of age, and a plaintiff in the above captioned action.

2. The statements contained in this declaration are true and based on my personal knowledge. If called upon to testify to these statements, I could and would completely do so under oath.

3. I make this declaration in support of Plaintiffs Opposition to Defendant Nordstrom Inc.'s Motion to Compel Arbitration and Stay all Civil Court Proceedings.

4. I am employed by Nordstrom, Inc. ("Nordstrom") as a salesperson at the Westfield Santa Anita location. I am typically assigned eight (8) hour shifts five (5) days a week. I have been employed as a Nordstrom's sales person since 2004.

5. I am a commission based employee. I am assigned a target sale amount, and my commission is determined by the dollar amount of my sales per hour. Nordstrom routinely requires me to perform duties that do not generate commission, but for which I am not paid an hourly wage.

6. Nordstrom does pay me an hourly wage for my attendance at some staff meetings. My hourly wage is currently $10.85.

7. I do not have a detailed understanding of California or Federal labor law. As such, although I found Nordstrom's policy of requiring commission employees to perform non-commission generating work unfair, I did not know that it was against the law. I was informed that Nordstrom's conduct was against the law only based on information Ms. Nalbandian received and then relayed to me. Ms. Nalbandian learned of the violation based on information she received from a Nordstrom employee who was also a law student at the time. If Ms. Nalbandian had not communicated this information to me, I would not have known that my employment rights were being violated by Nordstrom.

8. After Ms. Nalbandian and I initiated this action, I was very nervous about my department manager or human resources ("HR") finding out because I thought they would retaliate against me. As a result, I kept this litigation a secret from Nordstrom coworkers, supervisors and HR personnel.

9. On or about August 2011, my supervisor handed me a document entitled "Nordstrom Dispute Resolution Program" ("New DRP"). My supervisor asked me to sign the acknowledgment of receipt as soon as she handed me the New DRP. I did not understand what the document was about. It was confusing and the font was very small.

10. Based on Nordstrom's actions, I believed that signing the acknowledgement to the New DRP was a condition of my employment, and, I was not given an opportunity to negotiate the terms. I have no option but to sign the DRP because I depend on Nordstrom for my income.

11. I did not have an opportunity to have my attorney review the New DRP. I did not know and did not think the New DRP would impact this lawsuit. No one at Nordstrom discussed this lawsuit or the effect the New DRP would have on it. Nor, did Nordstrom tell me about other pending class actions against Nordstrom.

12. I received no benefits or anything of value under the New DRP. In fact, now I know (because my attorney explained it to me) that under the New DRP I had something of value taken away from me. I did not know this at the time I received the New DRP or signed the acknowledgment of receipt.

13. The New DRP takes away my right to bring this class action, after I had already brought it. I am a plaintiff in this action because I believe that Nordstrom violated employment laws not just against me but against all of its commission employees. I believe that a class action is the only way to ensure Nordstrom will stop violating employment laws – individual arbitration will not do that.

14. Since my supervisor and HR personnel found out about this lawsuit, they have been retaliating against me by hyper monitoring and reporting my every conduct. For instance, just recently, in passing, I expressed to my supervisor of some shoulder pain. Immediately

thereafter, I was called into HR and questioned about my statements and made to sign documents. I was not given an opportunity to review the documents or send the documents to my attorney to review. Prior to filing this lawsuit, I had made similar comments to my supervisor and was never called into HR or forced to sign documents. I further am aware that when other coworkers make similar statements they are not called into HR and forced to sign documents.

I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

Executed on January 11, 2012 at Los Angeles, California.

*Balasanyan*
Gina Balasanyan