1  KATHRYN LEE BOYD, ESQ. (SBN 189496)
   lboyd@srbr-law.com
2  DARCY R. HARRIS, ESQ. (SBN 200594)
   dharris@srbr-law.com
3  JEFF D. NEIDERMAN, ESQ. (SBN 203818)
   jneiderman@srbr-law.com
4  SHERLI SHAMTOUB, ESQ. (SBN 270022)
   sshamtoub@srbr-law.com
5  SCHWARCZ, RIMBERG, BOYD & RADER LLP
   6310 San Vicente Boulevard, Suite 360
6  Los Angeles, California 90048
   Phone: (323) 302-9488
7  Fax: (323) 931-4990
   *Attorneys for Plaintiffs, Gina Balasanyan and Nune Nalbandian*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Gina BALASANYAN, an individual, and Nune NALBANDIAN, an individual, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NORDSTROM, INC., a Washington corporation; DOES 1-100, inclusive,<br><br>Defendants. | Civil No. 11-CV-2609 JM (WMc)<br><br>**DECLARATION OF NUNE NALBANDIAN IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANT NORDSTROM INC.'S MOTION TO COMPEL ARBITRATION AND STAY ALL CIVIL COURT PROCEEDINGS**<br><br>Date:  TBD<br>Time:  10:00 a.m.<br>Ctrm:  16<br>Judge:  Hon. Jeffrey T. Miller |

SCHWARCZ, RIMBERG,
BOYD & RADER LLP
6310 San Vicente Blvd
Los Angeles, CA 90048

Nalbandian Declaration in Support of Opp. to Motion to Compel Arbitration

Balasanyan et al. v. Nordstrom, Inc.
11-CV-2609 JM (WMc)

# DECLARATION OF NUNE NALBANDIAN

I, NUNE NALBANDIAN, hereby declare as follows:

1. I am over eighteen years of age, and a plaintiff in the above captioned action.

2. The statements contained in this declaration are true and based on my personal knowledge. If called upon to testify to these statements, I could and would completely do so under oath.

3. I make this declaration in support of Plaintiffs Opposition to Defendant Nordstrom Inc.'s Motion to Compel Arbitration and Stay all Civil Court Proceedings.

4. I am employed by Nordstrom, Inc. ("Nordstrom") as a salesperson at the Glendale Galleria location. Now, I am typically assigned shifts three (3) to four (4) days a week. I have been employed as a Nordstrom's sales person since 2003.

5. As a commission based employee, I am assigned a target sale amount, and my commission is determined by the dollar amount of my sales per hour.

6. Nordstrom routinely requires me to perform duties that do not generate commission, but for which I am not paid an hourly wage. Nordstrom does pay me an hourly wage of $10.85 for my attendance at some staff meetings.

7. Although I found Nordstrom's policy of requiring commission employees to perform non- commission generating work unfair, I did not know that it was against the law. I was informed that Nordstrom's conduct was against the law only based on information I received from another Nordstrom employee, who at the time was a law student. She/he said that Nordstrom was violating labor laws by not paying us for the time non-commission work we were required to perform. If this Nordstrom employee had not communicated this information to me, I would not have known that my employment rights were being violated by Nordstrom. I feel compelled not to disclose this person's name because I do not want Nordstrom to retaliate against this person.

8. After I initiated this action, I was very nervous about my department manager or human resources ("HR") finding out because I thought they would retaliate against me. As a result, I kept this litigation a secret from Nordstrom coworkers, supervisors and HR personnel. I even kept it a secret from the person who informed me of Nordstrom's violation because I was afraid this person would inform my supervisors and HR.

9. Since my supervisor and HR personnel found out about this lawsuit, they have been retaliating against me. Even though I am one of the top sales persons in Nordstrom, my hours have been reduced. For instance, when I returned from my disability leave, I was assigned a mere 48 hours for a two week period.

10. I was on disability leave at the time Nordstrom handed out its new dispute resolution program ("New DRP"). When I came back from my leave, my supervisor repeatedly asked me whether I had signed the acknowledgment of receipt of the New DRP. I was then called into HR and told to sign and turn over the acknowledgment of receipt of the New DRP. I wanted to change the New DRP and write a statement that it did not prohibit me from pursuing this action. I did not want to sign the acknowledgment of receipt without this statement. I was not given an opportunity to make changes, or negotiate any other terms, to the New DRP. Nordstrom informed me it did not matter whether or not I signed the form. I refuse to sign the acknowledgment.

11. No one at Nordstrom discussed this lawsuit or the effect the New DRP would have on it. Nor, did Nordstrom tell me about other pending class actions against Nordstrom.

12. Based on Nordstrom's actions, I believed that whether or not I signed the acknowledgment, the New DRP was being forced on me as a condition of employment. Nordstrom has left me with no option because I depend on Nordstrom for my income.

13. I received no benefits or anything of value under the New DRP. In fact, now I know (because my attorney explained it to me) that under the New DRP I had something of value taken away from me.

///

14. The New DRP takes away my right to bring this class action, after I had already brought it. I am a plaintiff in this action because I believe that Nordstrom violated employment laws not just against me but against all of its commission employees. I believe that a class action is the only way to ensure Nordstrom will stop violating employment laws – individual arbitration will not do that.

I declare under penalty of perjury under the laws of the California that the foregoing is true and correct.

Executed on January 11, 2012 at Los Angeles, California.

_____
Nune Nalbandian