1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO MARAVENTANO and NEESHA KURJI, | CASE NOS. 10-cv-02671 JM (WMC) 11-cv-02609 JM (WMC) |
| Plaintiffs, | |
| v. | ORDER GRANTING PLAINTIFFS' MOTION TO APPROVE CLASS NOTICE |
| NORDSTROM, INC., a Washington corporation; and DOES 1-100, inclusive, | |
| Defendants. | |
| GINA BALASANYAN and NUNE NALBANDIAN, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| v. | |
| NORDSTROM, INC., a Washington corporation; and DOES 1-100, inclusive, | |
| Defendants. | |

On August 28, 2013, Plaintiffs filed a motion for approval of notice to class members of class certification.  Dkt. No. 129.  Defendant Nordstrom, Inc. ("Nordstrom") opposed Plaintiffs' motion on September 16, 2013.  Dkt. No. 135. The court held oral argument on the motion on September 30, 2013.  During the

hearing, the parties reached agreement on many of the issues raised in the briefing and agreed to meet and confer to resolve several of the remaining issues.  However, the court took the following issues under submission: (1) the effect of the June 2011 arbitration agreement on certain class members, and (2) the proper beginning date of the class period relative to whether the <u>Maraventano</u> Plaintiffs may bring a claim for restitution under California's unfair competition law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*  The parties have lodged a jointly amended class notice that needs only the court's resolution of the two submitted issues in order to be finalized and approved.

## BACKGROUND

The <u>Balasanyan</u> complaint was originally filed in Los Angeles Superior Court on April 5, 2011, then removed to federal court, and later transferred to this district on November 9, 2011.  The <u>Maraventano</u> complaint was originally filed in San Diego Superior Court, North County, in October 20, 2010 and was removed to this court on December 28, 2010.  On August 12, 2013, the court granted the Plaintiffs' motions for class certification of the proposed California classes and subclass, but denied class certification for the <u>Balasanyan</u> Plaintiffs' proposed  nationwide class. In the class certification order, the court provided a detailed description of the facts underlying Plaintiffs' claims and the court's reasons for granting or denying class certification, all of which is incorporated by reference and will not be reiterated here.  <u>See</u> Class Cert. Order, Dkt. No. 127.

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(c)(2)(B) governs the mandatory class notice for classes certified under Rule 23(b)(3).  Under this provision, "the court must direct to class members the best notice that is practicable under the circumstances."   The class notice "must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may

enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B). As a general matter, the notice must be "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" In re CP Ships Ltd. Securities Litigation, 578 F.3d 1306, 1317 (9th Cir. 2009)(quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)) *abrogated on other grounds by* Morrison v. Nat'l Australia Bank Ltd., 130 S. Ct. 2869 (2010)).

## DISCUSSION

### I. Impact of the June 2011 Arbitration Agreement on Certain Employees

In the court's class certification order, the court concluded new employees who signed Nordstrom's June 2011 binding Dispute Resolution Agreement ("DRA") upon becoming employed by Nordstrom may be properly excluded from the class. Class Cert. Order at 48 (Dkt. No. 127). However, the court determined that prospective California Class Members who were employed prior to Nordstrom's use of the DRA may not be excluded from the class, nor may the California Class Period be modified to reflect the signing of the DRA, which was an improper communication by Nordstrom with class members. Id.

In its objection to Plaintiffs' proposed class notice, Nordstrom raises the issue of whether draw commission salespeople who worked for Nordstrom prior to June 2011, left Nordstrom's employ, and then were rehired in a draw commission role pursuant to the June 2011 DRA are excluded from the class. Nordstrom argues these employees should not be included in the putative class because they sought reemployment with Nordstrom pursuant to the DRA, a binding agreement to arbitrate all past, present, and future claims. Alternatively, Nordstrom argues the notice should clarify that these employees may not litigate claims accruing after

1    they were rehired subject to the DRA.

2        In response, Plaintiffs contend employees working as draw commission

3    salespeople prior to the DRA cannot be excluded from the class and relies upon the

4    following language from the court's class certification order: "Prospective

5    California Class Members who were employed prior to Nordstrom's use of the DRA

6    may not be excluded from the class nor may the California Class Period be modified

7    to reflect the signing of the DRA, which was an improper communication."  Class

8    Cert. Order at 48.  Based on this language, Plaintiffs argue Class Members who

9    were employed as draw commission salespeople prior to Nordstrom's use of the

10   DRA, departed, then returned following the imposition of the DRA, are rightfully

11   included in the Class.

12       The court is not persuaded by Nordstrom's argument that draw commission

13   salespeople who left the company and were rehired subject to the DRA should be

14   excluded entirely as class members.  There is no reasonable basis for excluding the

15   periods of employment prior to the DRA.  With regard to the period of employment

16   as a draw commission salesperson after being rehired subject to the DRA, the court

17   concludes the best resolution at this early stage in the litigation is to simply include

18   the following language within the class notice:

19        In addition, for employees who worked in a draw commission position
          before June of 2011, separated, and were rehired after June of 2011, the
20        period worked after June of 2011 may be excluded from the class.

21   This language provides sufficient notice to this particular group of Class Members

22   that claims for time accrued after their rehiring may be excluded, but it does not

23   preclude the possibility of recovery entirely as there may be scenarios in which

24   these periods of time are properly included.

25       Based on the foregoing, the parties are directed to insert the aforementioned

26   language as ordered by the court in the "CLASS CERTIFICATION AND

27   COMPOSITION OF THE CLASS" provision of the jointly amended class notice.

28   / / /

## II.  The Time Frame Covered by the Class

In the originally proposed class notice, Plaintiffs defined the class as beginning on October 20, 2006.  Nordstrom objects to this date, arguing instead that the class should begin on April 5, 2007.  Relying upon the court's conclusion in the class certification order that the <u>Maraventano</u> Plaintiffs "have no standing to pursue injunctive relief and, therefore, their claims are not typical of the proposed class," Nordstrom contends the court denied certification of the <u>Maraventano</u> Plaintiffs' California class entirely with respect to their unfair business practices claim under the UCL.  Cal. Bus. & Prof. Code § 17200 *et seq.*  Nordstrom contends this holding impacts the class period because Plaintiffs rely on the <u>Maraventano</u> Plaintiffs' UCL claim to extend the three-year statute of limitations to four years before the October 20, 2010 filing of their lawsuit.  <u>See</u> Cal. Bus. & Prof. Code § 17208.  Without the <u>Maraventano</u> Plaintiffs' UCL claim extending the applicable statute of limitations, Nordstrom argues the correct class time period begins April 5, 2007.[1]

Plaintiffs object to Nordstrom's characterization of the court's ruling regarding the <u>Maraventano</u> Plaintiffs' standing to pursue an unfair business practices claim.  Plaintiffs contend the UCL creates two distinct and independent remedies: restitutionary relief and injunctive relief.  Plaintiffs suggest these remedies "are distinct and independent in that the availability of restitution is not dependent on the availability of injunctive relief."  As support for this proposition, Plaintiffs rely upon the California Supreme Court's holding in <u>ABC Int'l Traders, Inc. v. Matsushita Electric Co.</u>, in which the court held that restitution can be obtained without an injunction under the UCL.  14 Cal. 4th 1247, 1252 (1997)(concluding "section 17203 authorizes a trial court to order restitution of money lost through acts of unfair competition, as defined in section 17200, whether

---

[1] Nordstrom bases the April 5, 2007 date upon the April 5, 2011 filing of the <u>Balasanyan</u> Plaintiffs' lawsuit.  The four-year statute of limitations applies from this date because the court concluded the <u>Balasanyan</u> Plaintiffs had the requisite standing to pursue their unfair business practices claim.

1   or not the court also enjoins future violations").

2

3       Here, Plaintiffs contend the court previously held that the <u>Maraventano</u>

4   Plaintiffs have no standing to pursue injunctive relief under the UCL based on

5   Article III standing requirements, but did not further conclude that the <u>Maraventano</u>

6   Plaintiffs lacked standing to pursue restitution under the UCL.  Rather, Plaintiffs

7   argue the Court held exactly the opposite when it stated "[e]xcept for the standing

8   issue outlined above, Plaintiffs are typical of the proposed California Classes and

9   have therefore satisfied the typicality requirement." <u>See</u> Class Cert. Order at 22.

10      Moreover, at oral argument on the class certification issue, Plaintiffs contend

11  the court acknowledged that the <u>Maraventano</u> Plaintiffs' restitution claim under the

12  UCL would remain despite their lack of standing to seek injunctive relief:

13          THE COURT: . . . But the relatively recent Ninth Circuit case of <u>Ellis</u>
            would appear to stand for the proposition that where you have an
14          employee who's no longer employed, then you're going to in all
            probability run afoul of the typicality requirement if injunctive relief is
15          sought.

16          MR. ARCHBOLD [Plaintiffs' Counsel]: My understanding, your Honor,
            is that that doesn't apply to the claims for restitution which are also
17          available under 17200.

18          THE COURT:  No, it wouldn't apply for restitution or back pay or
            monetary damages, but I think <u>Ellis</u> made a distinction, if I recall <u>Ellis</u>
19          correctly, and the distinction was that if you're seeking injunctive relief
            and you're looking at the typicality requirement, then if you have a
20          representative class member, that representative needs to be employed for
            the injunctive relief part of things.
21
            MR. ARCHBOLD: And if the Court is of that mind, it's certainly easy to
22          parse out away the class representatives who will represent each facet of
            the case. Obviously they still have their claims for restitution, they still
23          have their claims for minimum wage, they still have their claims for 203
            penalties and for recordkeeping.
24
            THE COURT: Well, I understand that, but assuming there's certification
25          here, you do -- you do acknowledge that there's going to be -- you're
            going to be lacking in one area if injunctive relief is significant under the
26          sole claim for which you seek injunctive relief, that being 17200.

27  Based on this exchange and the language used in the class certification order,

28  Plaintiffs contend Nordstrom has misinterpreted the court's decision regarding the

1 <u>Maraventano</u> Plaintiffs' standing to bring a restitution claim under the UCL.

2 / / /

3       At oral argument, Nordstrom argued restitutionary relief is only available

4 when injunctive relief is available because restitutionary relief is widely considered

5 an "ancillary" remedy to injunctive relief under the UCL.  In response to Plaintiffs'

6 reliance on the California Supreme Court's holding in <u>ABC Int'l Traders</u>,

7 Nordstrom questioned whether this case remains persuasive following California's

8 enactment of Proposition 64 ("Prop 64").  Rather, Nordstrom contends the more

9 appropriate case to consider is <u>In re Tobacco II Cases</u>, a California Supreme Court

10 decision that postdates Prop 64.  <u>See</u> 46 Cal. 4th 298 (2009).  In <u>In re Tobacco II</u>,

11 the California Supreme Court noted the primary form of relief available under the

12 UCL to protect consumers from unfair business practices is an injunction, along

13 with "ancillary relief" in the form of restitution.  <u>Id.</u> at 320.  Moreover, Nordstrom

14 indicates there are several cases characterizing restitution as "ancillary" relief to an

15 injunction.  <u>See</u> <u>SDMS, Inc. v. Rocky Mountain Chocolate Factory</u>, No. 08-cv-0833

16 JM (AJB), 2008 WL 4838557, at *1 (S.D. Cal. Nov. 6, 2008) (noting plaintiffs

17 complaint requested injunctive relief, as well as ancillary equitable relief including

18 contract rescission, restitution, and ancillary damages).  In particular, Nordstrom

19 cites two cases from the Northern District of California in which the court

20 concluded restitution, as the UCL's ancillary form of relief, is unavailable when an

21 injunction is unavailable under the statute.  <u>See</u> <u>Hofstetter v. Chase Home Finance,</u>

22 <u>LLC</u>, 2011 WL 1225900, at *15 (N.D. Cal. Mar. 31, 2011)("Injunctive relief is a

23 prerequisite for restitution. If this class succeeds on its claim for injunctive relief,

24 then class members may be allowed to seek restitution as well."); <u>Deitz v. Comcast</u>

25 <u>Corp.</u>, 2006 WL 3782902, at *5 (N.D. Cal. Dec. 21, 2006)("Consequently, if the

26 court enters an injunction, then the court may also enter restitutionary relief. If,

27 however, the court does not enter injunctive relief, then there is no occasion to

28 consider ancillary relief in the form of an award of restitution.").  For these reasons,

1  Nordstrom argues the <u>Maraventano</u> Plaintiffs lack standing to assert a UCL claim

2  entirely based on their lack of standing to seek injunctive relief.

3       Despite Nordstrom's suggestion that <u>ABC Int'l Traders</u> may no longer be

4  good law following Prop 64, the California Supreme Court clearly determined that

5  "'Proposition 64 did not amend the remedies provision of section 17203.'"  <u>Kwikset</u>

6  <u>Corp. v. Superior Court</u>, 51 Cal. 4th 310, 337 (2010) (quoting <u>In re Tobacco II</u>, 46

7  Cal. 4th at 319).  After carefully considering Prop 64 and its intent, the California

8  Supreme Court concluded there was "no reason to believe [Prop 64] sub silentio

9  dramatically changed the relative availability of the remedies contained in section

10  17203."  <u>Id.</u>  This suggests the California Supreme Court's holding regarding the

11  availability of UCL remedies in <u>ABC Int'l Traders,</u> specifically its conclusion that

12  restitution may be obtained without also obtaining an injunction under the UCL, is

13  unaffected by Prop 64.  Moreover, the California Supreme Court later relied upon

14  the rationale articulated in <u>ABC Int'l Traders</u> in a post-Prop 64 case when it

15  concluded "the right to seek injunctive relief under section 17203 is not dependent

16  on the right to seek restitution; the two are wholly independent remedies."

17  <u>Clayworth v. Pfizer, Inc.,</u> 49 Cal. 4th 758, 790 (2010)(citing <u>ABC Int'l Traders</u>, 14

18  Cal. 4th at 1268 (section 17203 "contains ... no language of condition linking

19  injunctive and restitutionary relief"); <u>Prata v. Superior Court</u>, 91 Cal. App. 4th

20  1128, 1139 (2001)(holding plaintiff could pursue injunctive relief even though

21  restitution was unavailable)).  If an injunction may be obtained when restitutionary

22  relief is unavailable because "the two are wholly independent remedies," the inverse

23  of this rationale similarly suggests that restitution may be obtained despite the

24  unavailability of injunctive relief.

25       In light of these considerations, the court is not persuaded by Nordstrom's

26  argument that <u>ABC Int'l Traders</u> is somehow less applicable following the adoption

27  of Prop 64.  Accordingly, the court concludes the <u>Maraventano</u> Plaintiffs' lack of

28  standing to seek injunctive relief does not preclude them from seeking restitution

1  under the UCL.  As a result, the UCL's four-year statute of limitations remains

2  applicable, and Nordstrom's objection to the beginning date of the class as

3  originally proposed by Plaintiffs is overruled.  Thus, the October 20, 2006 date will

4  be inserted into the applicable provisions of the jointly amended class notice.

5  **CONCLUSION**

6          Based on the foregoing, the court directs the parties to add the following

7  language within the <u>CLASS CERTIFICATION AND COMPOSITION OF THE</u>

8  <u>CLASS</u> provision of the jointly amended class notice: "In addition for employees

9  who worked in a draw commission position before June of 2011, separated, and

10  were rehired after June of 2011, the period worked after June of 2011 may be

11  excluded from the class."  The court further directs the parties to include the

12  October 20, 2006 date where applicable within the jointly amended class notice.

13         With the inclusion of these items, the court concludes the jointly amended

14  class notice satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B).  Subject to the

15  inclusion of the language set forth in this order, the court approves the jointly

16  amended class notice as lodged with the court and directs the parties to proceed

17  accordingly.

18         IT IS SO ORDERED.

19  DATED:  November 1, 2013

20  _____

21  Hon. Jeffrey T. Miller
    United States District Judge

22

23

24

25

26

27

28