1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GINO MARAVENTANO; and NEESHA KURJI<br><br>            Plaintiffs,<br><br>        v.<br><br>NORDSTROM, INC., a Washington Corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | Master Case No.  10-cv-2671 JM (WMc)<br><br>**PRELIMINARY APPROVAL ORDER**<br><br>**[This filing relates to original case number 11-cv-2609]** |
| GINA BALASANYAN, an individual, and NUNE NALBANDIAN, an individual, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br><br>        v.<br><br>NORDSTROM, INC., a Washington Corporation; and DOES 1 through 10, inclusive,<br><br>            Defendants. | |

1     WHEREAS, this consolidated action is pending before this Court as a class

2  action (the "Action"); and

3     WHEREAS, the Named Plaintiffs, Class Counsel, and Nordstrom, Inc. (the

4  "Parties") have applied to this Court for an order preliminarily approving the

5  settlement of the Action in accordance with a Stipulation and Settlement Agreement

6  of Class Action Claims (the "Stipulation" or "Settlement"), which, together with the

7  exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement

8  and dismissal of the Action with prejudice upon the terms and conditions set forth

9  therein; and

10     WHEREAS, the Court has read and considered the Parties' motions for

11  preliminary approval, Stipulation and the exhibits annexed thereto;

12     NOW, THEREFORE, IT IS HEREBY ORDERED:

13     1.    This Order incorporates by reference the definitions in the Stipulation,

14  and all terms defined therein shall have the same meaning in this Order as set forth in

15  the Stipulation.

16     2.    It appears to the Court on a preliminary basis that the Settlement is fair,

17  adequate and reasonable.  The monetary settlement awards and Voucher Award

18  provided to Settlement Class Members is fair, adequate and reasonable when balanced

19  against the probable outcome of further litigation relating to liability and damages

20  issues.  It further appears that extensive and costly investigation and research have

21  been conducted such that counsel for the Parties at this time are able to reasonably

22  evaluate their respective positions.  It also appears to the Court that settlement at this

23  time will avoid substantial additional costs by all Parties, as well as avoid the delay

24  and risks that would be presented by the further prosecution of the Action.  It further

25  appears that the Settlement has been reached as the result of intensive, serious and

26  non-collusive, arms-length negotiations.

27     3.    The Court previously certified a class in this case of all current and

28  former California Draw Commission Salespeople employed in a draw commission

position at any time from October 20, 2006 up until the date of Nordstrom's June 2011 Dispute Resolution Agreement.  The certified class covered periods when Class Members (1) worked up to forty (40) minutes before the store opened and/or after the store closed and were compensated under Nordstrom's draw commission plan, and (2) did not receive misdraw.  For purposes of Settlement, the Parties have stipulated to the conditional certification of the broader Settlement Class, as set forth in the Stipulation.  Based on that Parties' Stipulation, the Court hereby conditionally certifies the Settlement Class for settlement purposes only.   The Settlement Class shall be comprised of all persons employed by Nordstrom in a Draw Commission Position within the state of California at any time from October 20, 2006 through the date of this preliminary approval order who do not properly elect to opt out of this Settlement.  Should for whatever reason the Settlement not become final, the fact that the Parties were willing to stipulate to certification of the Settlement Class as part of the Settlement shall have no bearing on, nor be admissible in connection with, the issue of whether the class previously certified should be decertified and/or what the scope of any class should be in a non-settlement context.

4.     Plaintiffs Gino Maraventano, Neesha Kurji, Gina Balasanyan and Nune Nalbandian ("Named Plaintiffs") are hereby preliminarily appointed and designated, for all purposes, as the representative of the Settlement Class and the following attorneys are hereby preliminarily appointed and designated as counsel for the Named Plaintiffs and the Settlement Class ("Class Counsel"): Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader, LLP.

5.     Class Counsel is authorized to act on behalf of Settlement Class with respect to all acts or consents required by, or which may be given pursuant to, the Settlement, and such other acts reasonably necessary to consummate the Settlement.  Any Settlement Class Member may enter an appearance through counsel of such individual's own choosing and at such individual's own expense.  Any Settlement

Class member who does not enter an appearance or appear on his or her own will be represented by Class Counsel.

6.     The Court hereby approves the definition and disposition of the Total Settlement Package and related matters provided for in the Stipulation.

7.     The Court hereby preliminarily approves the collective Fees Award of up to $2,300,000.00 total, including up to $661,250.00 to Deason & Archbold; up to $661,250.00 to Barnhill & Vaynerov LLP; and up to $977,500.00 to Schwarcz, Rimberg, Boyd & Rader LLP

8.     The Court hereby preliminarily approves the Cost Award of up to $50,000.00.

9.     The Court hereby preliminarily approves Incentive Awards to the four Named Plaintiffs collectively totaling up to $50,000.00, with the four Named Plaintiffs receiving up to $12,500.00 each.

10.     The Court hereby preliminarily approves costs of administration up to $150,000.00.   The Court will need to approve any cost of administration in excess of this amount.

11.     The Court finds on a preliminary basis that the Stipulation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.  The Court has reviewed the monetary recovery that is being granted as part of the Settlement and recognizes its significant value to the Settlement Class.  The Court has also reviewed the Voucher Award that is being provided under the Settlement, which the Court also recognizes as having significant value to the Settlement Class.

12.     By entering into this Settlement, neither Nordstrom nor any current or former employees subject to Nordstrom's June 2011 or August 2011 Dispute Resolution Agreements are waiving the right to seek enforcement of individual arbitration agreements between Nordstrom and any current or former Nordstrom employee.  However, should the Settlement be finally approved, individual members

of the Settlement Class who do not opt out of the Settlement and thus become Settlement Class Members will be releasing all claims and causes of action covered by the Settlement regardless of whether they are parties to an enforceable arbitration agreement.  If the Settlement does not become effective, for whatever reason, or if final approval of the Settlement is not granted, Nordstrom and Members of the Settlement Class may seek to enforce applicable arbitration agreements under the same terms and to the same extent as they otherwise would have been able to do had no settlement discussions taken place and no settlement between the Parties been reached.  Nordstrom's rights and responsibilities with respect to arbitration agreements applying to Settlement Class Members who elect to opt-out of this Settlement will not be affected by this Settlement.

13.   A hearing (the "Settlement Hearing") shall be held before this Court on December 15, 2014, at 10:00 a.m. at 221 West Broadway San Diego, CA 92101, Courtroom 5D (5th Floor - Schwartz), Suite 5190, to determine all necessary matters concerning the Settlement, including: whether the proposed settlement of the Action on the terms and conditions provided for in the Stipulation is fair, adequate and reasonable and should be finally approved by the Court; whether a Judgment, as provided in the Stipulation, should be entered herein; whether the plan of allocation contained in the Stipulation should be approved as fair, adequate and reasonable to the Settlement Class Members; and to finally approve Class Counsel's Fees Award and Cost Award, and the Named Plaintiffs' Incentive Awards.

14.   The Court hereby approves, as to form and content, the Claim Form to be distributed to the Settlement Class Members attached to the Stipulation of Settlement as Exhibit 2.  The Court also approves, as to form and content, the Class Notice, the Sample Voucher and the Opt-Out Form attached hereto as Exhibits A, B and C, respectively. The Court finds that that distribution of the Notice and Claim Form substantially in the manner and form set forth in the Stipulation and this Order meets

1   the requirements of due process, is the best notice practicable under the circumstances,

2   and shall constitute due and sufficient notice to all persons entitled thereto.

3        15.   The Court hereby appoints Rust Consulting, Inc., 777 South Figueroa

4   Street, Suite 4600, Los Angeles, CA 90017, as Claims Administrator and hereby

5   directs the Claims Administrator to mail or cause to be mailed to Settlement Class

6   Members the Notice and Claim Form by first class mail within forty-five (45) days

7   after the entry of this Preliminary Order (the "Notice Date") using the procedures set

8   forth in the Stipulation.  Settlement Class Members who wish to participate in the

9   settlement provided for by the Stipulation must complete and return the Claim Form

10  pursuant to the instructions contained therein by first class mail or equivalent, postage

11  paid, within sixty (60) days of the Notice Date.

12       16.   Any Settlement Class Member may choose to opt out of and be excluded

13  from the Settlement Class as provided in the Notice by following the instructions for

14  requesting exclusion from the Settlement Class that are set forth in the Notice.  Any

15  such person who chooses to opt out of and be excluded from the Settlement Class will

16  not be entitled to any recovery under the Settlement and will not be bound by the

17  Settlement or have any right to object, appeal or comment thereon.  Any written

18  request to opt out must be signed by each such person opting out.  Settlement Class

19  Members who have not requested exclusion shall be bound by all determinations of

20  the Court, by the Stipulation and by the Final Judgment.

21       17.   Any Settlement Class Member may appear at the Settlement Hearing and

22  may object to or express their views regarding the Settlement, and may present

23  evidence and file briefs or other papers, that may be proper and relevant to the issues

24  to be heard and determined by the Court as provided in the Notice.  However, no

25  Settlement Class Member or any other person shall be heard or entitled to object, and

26  no papers or briefs submitted by any such person shall be received or considered by

27  the Court, unless on or before sixty (60) days after the Notice Date that person has

28  served by hand or by first class mail written objections and copies of any papers and

1   briefs in support of their position and verification of their membership in the
2   Settlement Class upon: (1) Maxim Vaynerov, Esq., Barnhill & Vaynerov, LLP, 8200
3   Wilshire Boulevard, Suite 400, Beverly Hills, California  90211; (2) Lee Boyd, Esq.,
4   Schwarcz, Rimberg, Boyd & Rader, LLP, 6310 San Vicente Boulevard, Suite 360,
5   Los Angeles, California 90048; (3) Matthew Archbold, Deason & Archbold, 3300
6   Irvine Avenue, Suite 245, Newport Beach, California 93660; and (4) Julie Dunne,
7   Esq., Littler Mendelson, P.C., 501 W. Broadway, Suite 900, San Diego, CA 92101,
8   and filed the objections, papers and briefs with the Clerk of this Court.  In order to be
9   valid, the papers must be filed with the Clerk of this Court and received by all of the
10  above counsel on or before sixty (60) days after the Notice Date.  Any Settlement
11  Class Member who does not make his or her objection in the manner provided for in
12  this Order shall be deemed to have waived such objection and shall forever be
13  foreclosed from making any objection to the Settlement.

14          18.     All papers in support of the Settlement shall be filed with the Court and
15  served on the Parties' Counsel no later than five (5) Court days before the Settlement
16  Hearing.

17          19.     To the extent permitted by law, pending final determination as to whether
18  the settlement contained in the Stipulation should be approved, the Settlement Class
19  Members whether directly, representatively, or in any other capacity, whether or not
20  such persons have appeared in the Action, shall not institute or prosecute any claim
21  released in the Stipulation against the Released Parties.

22          20.     The Settlement is not a concession or admission, and shall not be used
23  against Nordstrom or any of the Released Parties as an admission or indication with
24  respect to any claim of any fault or omission by Nordstrom or any of the Released
25  Parties.  Whether or not the Settlement is finally approved, neither the Settlement, nor
26  any document, statement, proceeding or conduct related to the Settlement, nor any
27  reports or accounts thereof, shall in any event be:

28

ORDER                                    6.                Master Case No. 10cv2671 JM (WMc)

a. Construed as, offered or admitted in evidence as, received as or deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited to, evidence of a presumption, concession, indication or admission by Nordstrom or any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or

b. Disclosed, referred to, or offered or received in evidence against any of the Released Parties in any further proceeding in the Action, or in any other civil, criminal or administrative action or proceeding, except for purposes of enforcing the settlement pursuant to the Stipulation.

21. As of the date this Order is signed, all dates and deadlines associated with the Action shall be stayed, other than those pertaining to the administration of the Settlement of the Action.

22. In the event the Settlement does not become effective in accordance with the terms of the Stipulation, or the Settlement is not finally approved, or is terminated, canceled or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated, and the Parties shall revert to their respective positions as of before entering into the Stipulation.

23. The Court reserves the right to adjourn or continue the date of the Settlement Hearing and all dates provided for in the Stipulation without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

Dated:  August 11, 2014

Hon. Jeffrey T. Miller
United States District Judge

ORDER                                              7.                    Master Case No. 10cv2671 JM (WMc)

1
2
3
4

# EXHIBIT A

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

3

GINO MARAVENTANO; and
NEESHA KURJI,

Master Case No. 10cv2671 JM (JLB)

4

           Plaintiffs,

**NOTICE OF CLASS ACTION SETTLEMENT**

5

v.
NORDSTROM, INC., a Washington Corporation;
and DOES 1 through 10, inclusive,

6
7

           Defendants.
_____

8

GINA BALASANYAN, an individual, and
NUNE NALBANDIAN, an individual, on behalf of
themselves and all others similarly situated,

9
10

           Plaintiffs,

11

v.
NORDSTROM, INC., a Washington Corporation;
and DOES 1 through 10, inclusive,

12

           Defendants.
_____

13
14

<u>NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION; SETTLEMENT HEARING; AND CLAIM
AND EXCLUSION PROCEDURES</u>

15
16

Case Name: *GINO MARAVENTANO/ NEESHA KURJI/ GINA  BALASANYAN & NUNE  NALBANDIAN
v. NORDSTROM, INC.*, USDC Case No. 10CV-02671 JM (JLB)

17

TO:     All persons who work or have worked for Nordstrom, Inc. ("Nordstrom") within the state of California
from October 20, 2006 through June XX, 2014 who were or are paid on a draw commission basis
(the "Settlement Class Member(s)"):

18
19

PLEASE READ THIS NOTICE CAREFULLY. THIS NOTICE CONTAINS IMPORTANT INFORMATION
REGARDING YOUR RIGHTS AS A SETTLEMENT CLASS MEMBER IN THIS ACTION.

20

**I.**     **<u>INTRODUCTION</u>**

21
22
23
24
25
26
27

       Plaintiffs and Nordstrom, Inc. ("Nordstrom") have reached an agreement to settle the above-captioned case on behalf of Plaintiffs and the Settlement Class (described below).  This agreement is referred to below as the "Settlement," and is set forth in a Stipulation for Class Action Settlement on file with the Clerk of the United States District Court for the Southern District of California.  You are being sent this Notice because Nordstrom's records show that you are/were employed in a draw commission position during the period from October 20, 2006 through June XX, 2014 (the "Class Period"), and thus, are eligible to participate in this Settlement.  The Settlement is a compromise of disputed claims and is not to be construed as an admission of liability on the part of Nordstrom or anyone else.  The Court has granted preliminary approval of the Settlement, and the parties are now seeking final Court approval, which is required for the Settlement to become effective.  The Settlement includes a claims procedure for eligible Settlement Class Members to file claims for recovery pursuant to the terms of the Settlement.  (See Section VII, Claim Procedure, below).  **<u>YOU MUST DELIVER A "CLAIM FORM," AS DESCRIBED BELOW, IN ORDER TO RECEIVE A RECOVERY UNDER THIS SETTLEMENT.</u>**

28

ORDER                     9.             Master Case No. 10cv2671 JM (WMc)

**II.      DESCRIPTION OF THE LAWSUIT**

On October 20, 2010, a Class Action was filed against Nordstrom by former Nordstrom Draw Commission Salespersons, Gino Maraventano and Neesha Kurji, on behalf of themselves and all similarly situated employees.  On April 5, 2011 a similar lawsuit was filed against Nordstrom by Gina Balasanyan and Nune Nalbandian.  Those two cases were subsequently consolidated.  Collectively, Mr. Maraventano, Ms. Kurji, Ms. Balasanyan and Ms. Nalbandian are referred to as "Plaintiffs" or "Named Plaintiffs."

Plaintiffs allege in this lawsuit that Nordstrom failed to pay Draw Commission Salespersons all of their minimum wage compensation for time spent working prior to the store opening and/or after the store closed.  Plaintiffs' principle allegation is that Nordstrom should have paid its Draw Commission Salespersons a separate hourly rate for all time worked prior to the store opening and/or after the store closing. Plaintiffs contend that for up to forty (40) minutes before the store opened and/or up to forty (40) minutes after the store closed, Nordstrom  compensated its Draw  Commission Salespersons via commissions, which Plaintiffs claim could only be earned during the periods the store was open to the public.  The action seeks recovery of unpaid minimum wage compensation incurred from October 20, 2006 to the current date, liquidated damages, penalties and attorneys' fees and costs.

Nordstrom denies Plaintiffs' allegations.  Nordstrom contends that it properly paid Draw Commission Salespersons at least minimum wage for all hours worked through its draw commission plan, which guaranteed an amount equal to or above the hourly minimum wage through commissions or a guaranteed minimum draw.  Nordstrom also contends that it properly paid commissions for the 40-minute windows of time before the store opened and after the store closed because salespeople were engaged in sales or sales-related work during those periods.

**III.      CLASS CERTIFICATION AND COMPOSITION OF THE SETTLEMENT CLASS**

On August 12, 2013, the United States District Court for the Southern District of California certified a class of "All persons who work or have worked for Nordstrom, Inc. ("Nordstrom") within the state of California from October 20, 2006 through the present date who were or are paid on a draw commission basis, provided they were first employed in a draw commission position prior to distribution of the June 2011 Dispute Resolution Agreement." For purposes of this Settlement only, that class has been expanded to include draw commission salespersons first employed after distribution of the June 2011 Dispute Resolution Agreement through the date of the Court's preliminary approval of this Settlement, June XX, 2014.

If you are receiving this Notice, then you are a Settlement Class Member.  The class covers the "Released Claims" specified in Section VIII.A. below.    If you wish to pursue claims not included in the Class Action Claims in this case, you must do so in your own separate lawsuit or arbitration.

**IV.      ARBITRATION RIGHTS**

The certification of the Settlement Class is for purposes of this Settlement only.  By entering into this Settlement, neither Nordstrom nor any current or former employees subject to Nordstrom's June 2011 or August 2011 Dispute Resolution Agreements are waiving the right to seek enforcement of individual arbitration agreements between Nordstrom and any current or former Nordstrom employee.   However, individual members of the Settlement Class who do not opt out of the Settlement and thus become Settlement Class Members will be releasing all claims and causes of action covered by the Settlement regardless of whether they are parties to an enforceable arbitration agreement.   If the Settlement does not become effective, for whatever reason, or if final approval of the Settlement is not granted, Nordstrom and Members of the Settlement Class may seek to enforce applicable arbitration agreements under the same terms and to the same extent as they otherwise would have been able to do had no settlement discussions taken place and no settlement between the Parties been reached.   Nordstrom's rights and responsibilities with respect to arbitration agreements applying to Settlement Class Members who elect to opt-out of this Settlement will not be affected by this Settlement.

## IV.     BACKGROUND OF THE SETTLEMENT

The parties and their attorneys have conducted investigations of the facts and law during the Action, including, among other things, an exchange of documents and written discovery and a review of time and payroll records, and sales transaction data.  The attorneys have analyzed the applicable law as it relates to the allegations of Plaintiffs, the defenses thereto, and the damages claimed by Plaintiffs.  There has been no determination by any court, administrative agency, or other tribunal as to the truth or validity of the factual or legal allegations made against Nordstrom in this Action.

Plaintiffs and Class Counsel believe that the claims asserted in the Action have merit.  However, Class Counsel recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Action against Nordstrom through trial and possible appeals.  Class Counsel has also taken into account the uncertainty of the outcome and the risk of litigation.  Thus, Plaintiffs and Class Counsel engaged in intensive arm's length negotiations with Nordstrom and its attorneys.  After several mediation sessions before an experienced, neutral mediator, these negotiations eventually led to the Settlement.  Plaintiffs and Class Counsel believe that the Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class and Plaintiffs.

Nordstrom believes that the claims asserted in the litigation are without merit.  Thus, Nordstrom has denied and continues to deny Plaintiffs' claims and all charges of wrongdoing and liability.  Although Nordstrom vehemently contests Plaintiffs' allegations and denies that it committed any wrongdoing or violation of law, the company believes that further litigation of this case would be protracted, expensive, and contrary to the best interests of Nordstrom and its employees.  Substantial amounts of time, energy, and other resources have been devoted to defending against the litigation, and unless there is a settlement, that situation will continue.  In light of these realities, Nordstrom believes that the Settlement is the best way to resolve the litigation while minimizing further burden and expenditures.

## V.     SETTLEMENT CLASS MEMBER RECOVERY

The maximum total settlement amount available excluding attorney fees and costs is $5,300,000.  The Settlement has two components: (1) monetary relief, and (2) a merchandise voucher award.  Each component is described below.

Monetary Relief:

The monetary relief has a maximum potential value of $2,700,000.00 (the "Gross Monetary Settlement Fund").  The Gross Monetary Settlement Fund will be used to pay (1) monetary claims made by Settlement Class Members; (2) the Incentive Awards to each of the Named Plaintiffs in an amount not to exceed $12,500 for each Named Plaintiff; (3) the costs of administration of the settlement (estimated to be $150,000); and (4) Private Attorney General Act penalties in the amount of $10,000.  The Gross Monetary Settlement Fund minus these four items is referred to in this Notice as the "Monetary Settlement Amount."

Each Settlement Class Member who timely submits a valid Claim Form and completed one or more pay periods during the Class Period in a draw commission position in which s/he did not misdraw will be entitled to a monetary recovery from the Monetary Settlement Amount.  Each Settlement Class Member's Individual Monetary Settlement Amount will be calculated as follows:

- First, the total number of weeks worked wherein Settlement Class members did not receive a misdraw during the Class Period will be divided into the Monetary Settlement Amount to determine the Initial Workweek Amount.

- Next, the Initial Workweek Amount will be multiplied by each individual Settlement Class Member's number of Workweeks during the Class Period in which s/he did not misdraw.  Therefore, your individual monetary recovery will be based on the number of non-misdraw weeks you were employed by Nordstrom in a draw commission position from October 20, 2006 through June XX, 2014.  All cash payments will be subject to standard deductions for employee payroll taxes and other withholdings.  The exact amount of your monetary payment may be increased if there is a Monetary Payout Deficiency as explained below.  Your individual monetary payment may also be decreased to pay a

portion of employer-side taxes in the event that employer-side taxes are not satisfied through other means specified in the Settlement, including through unclaimed funds in the Monetary Settlement Amount. The parties estimate that the Initial Workweek Amount will be a minimum of $X.XX per Workweek.

This is a claims made settlement.  If a Settlement Class Member does not timely submit a valid Claim Form, their unclaimed share will be retained by Nordstrom.  Although this Settlement is claims made, the Parties have agreed that Nordstrom will pay at least 50% of the Gross Monetary Settlement Fund, in total, for Individual Monetary Settlement Amount payments to Participating Settlement Class Members, Incentive Awards, Claims Administrator Costs, payroll taxes as applicable, and Private Attorney General Act penalties. A Monetary Payout Deficiency will result if the amount remaining in the Gross Monetary Settlement Fund is below the one million three hundred and fifty thousand dollar ($1,350,000) floor — i.e., 50% of the Gross Monetary Settlement Fund — after deducting the sum of the Individual Monetary Settlement Amounts, the Incentive Awards, Claims Administrator Costs, payroll taxes as applicable, and Private Attorney General Act penalties.  If applicable, a Monetary Payout Deficiency will be paid to Participating Settlement Class Members as a Supplemental Monetary Award. The Supplemental Monetary Award to be paid to Participating Settlement Class Members will be based on the number of non-misdraw Workweeks worked by each Settlement Class Member who timely submits a valid Claim Form.  This amount shall be added to each Settlement Class Member's original Individual Monetary Settlement Amount on a pro-rated basis depending on each Participating Class Member's number of non-misdraw Workweeks during the Class Period.  The sum of the Individual Monetary Settlement Amount and Supplemental Monetary Award, minus standard tax withholdings and deductions, will then be distributed to each Settlement Class Member who timely submits a valid Claim Form.

B.      Voucher Awards:

Nordstrom has agreed to make available a maximum of $2,600,000 in merchandise vouchers to Settlement Class Members.  The Voucher Award will be divided into two distinct funds: the Voucher Payout Fund A, and the Voucher Payout Fund B.  Whether Participating Settlement Class Members will receive a merchandise voucher from Voucher Payout Fund A or B will depend on the length of their employment in a draw commission position during the Class Period, as specified below.

(i)     Voucher Payout Fund A:      The face value of the Voucher Awards to be issued to Settlement Class Members who submit a valid Claim Form from Voucher Fund A will be determined by dividing 87.34% of the Voucher Award by the total number of Settlement Class Members employed for less than three years in a draw commission position between October 20, 2006 through June XX, 2014.  The resulting amount will be rounded to the nearest dollar.

(ii)    Voucher Payout Fund B:      The face value of the Voucher Awards to be issued to Settlement Class Members who submit a valid Claim Form from Voucher Fund B will be determined by dividing 12.66% of the Voucher Award by the total number of Settlement Class Members employed for three years or more in a draw commission position between October 20, 2006 through June XX, 2014.  The resulting amount will be rounded to the nearest dollar.  It is expected that the face value of the Voucher Payout Fund B merchandise voucher will be higher than the merchandise voucher for Voucher Payout Fund A.

This is a claims made settlement. To the extent a Settlement Class Member does not timely submit a valid Claim Form, his or her unclaimed share will be retained by Nordstrom.  However, although this Settlement is claims made, the Parties have agreed that Nordstrom will pay at least 50% of Voucher Award (i.e., $1,300,000 in merchandise vouchers) to Settlement Class Members who timely submit a valid Claim Form. If the cumulative total of Voucher Awards actually claimed from both Voucher Payout Funds A and B is less than $1,300,000, the difference between the cumulative total of the Voucher awards and $1,300,000 will be the Voucher Award Deficiency.  The Voucher Award Deficiency Amount will then be added equally as a set flat-rate supplemental amount to each individual voucher payment for each Participating Settlement Class Member regardless of whether the Participating Settlement Class Member will receive a merchandise voucher from Voucher Payout Fund A or B.

All merchandise vouchers will be subject to the terms and conditions listed on the vouchers,

including, but not limited to, the following: (1) Vouchers may be used only for in-store, non-sale purchases at Nordstrom full-line stores in California; (2) Vouchers are not usable for services such as alterations, repairs, shipping, handling or other services, internet or telephone purchases, purchases at Nordstrom Rack Locations, or to pay part or all of any debit or credit card balances; (3) Vouchers are not transferable; (4) Vouchers are not cash or gift cards, and thus, may not be redeemed, in whole or in part, for cash or gift cards or consolidated with gift cards and may not be reloaded with tender or merchandise; and (5) Vouchers that are lost, stolen or damaged will not be replaced.  Any Participating Settlement Class Member eligible for a Nordstrom employee discount may use that discount in conjunction with the use of their Voucher.

      C.     PAGA Penalties
      In connection with this Settlement, Nordstrom has agreed to pay $10,000 in penalties to the California Labor and Workforce Development Agency.

**VI.**    **CLASS COUNSEL FEES AND COSTS**

      In connection with this Settlement, Nordstrom has agreed to pay all Class Counsel a total maximum of $2,300,000 in attorney fees and $50,000 in litigation costs.  The amount of attorney's fees awarded to Class Counsel will be subject to the Court's discretion, but in any event, will not exceed this amount.  As part of the Settlement, you will not be required to pay Class Counsel for their representation of you in the Action.  The amount of costs awarded to Class Counsel will be subject to the Court's discretion, but in any event, will not exceed $50,000.  As part of the Settlement, you will not be required to reimburse Class Counsel for the costs associated with their representation of you in the Action.

<strong><u>SUMMARY OF YOUR OPTIONS</u></strong>

**As set forth in detail below, you have three possible options for responding to this notice:**

    1.   **<u>Make a claim</u>.  If you make a claim utilizing the Claim Form included with this Notice, you will be eligible to recover under the SETTLEMENT CLASS MEMBER RECOVERY (Section V. of this Notice) and you will be bound by this Settlement and the Release (Section VIII.A.).**

    2.   **<u>Opt-out of Settlement</u>.  If you opt out utilizing the Opt-Out Form included with this Notice, you must follow the procedures in Section IX of this Notice and you will <u>NOT</u> receive the SETTLEMENT CLASS MEMBER RECOVERY (Section V. of this Notice) and you will <u>NOT</u> be bound by the Settlement and Release (Section VIII.A.)**

    3.   **<u>Do nothing</u>.  If you give no response, you will still be bound by this Settlement and the Release (Section VIII.A.), but you will receive <u>NO</u> SETTLEMENT CLASS MEMBER RECOVERY (Section V. of this Notice).**

**VII.**    **<u>MAKING A CLAIM FOR RECOVERY UNDER THE SETTLEMENT</u>**

      All Settlement Class Members are eligible to receive payment under the Settlement.  As stated above, the monetary settlement payment is based upon each non-misdraw Workweek in which you worked for Nordstrom as a draw commission salesperson from October 20, 2006 through June XX, 2014.  As also specified above, the merchandise voucher award you receive will depend on whether you were employed in a draw commission position for less than three years or three or more years from October 20, 2006 through June XX, 2014. The actual monetary payment amount and merchandise voucher amount to each Settlement Class Member that submits a claim will not decrease based on the total number of eligible Settlement Class Members that submit claims in this settlement other than potentially affecting supplemental awards in the event that the 50% floors applying to the Gross Monetary Settlement Fund and/or Voucher Award are not reached.

      **In order to file a claim for payment, you must sign the enclosed Claim Form, and mail it to the Claims Administrator via U.S. Mail at the address below, using the enclosed, prepaid postage envelope, postmarked <u>no later than         XX, 2014</u>.  If you fail to submit a Claim Form by this**

**deadline, you will be disqualified from seeking relief under this Settlement, and unless you opt out (as described in Section IX below), your claims will be released (as set forth in Section VIII below).**

If you wish to receive assistance in completing the Claim Form, you may contact the Claims Administrator at the address and telephone number below.

> Rust Consulting, Inc.
> 777 South Figueroa Street, Suite 4600
> Los Angeles, CA 90017
> Telephone: (XXX) XXX-XXXX
> Facsimile: (XXX) XXX-XXXX

**Claims Payment.**  Following the Effective Settlement Date, as defined in the Settlement, Nordstrom has agreed to pay all Valid Claims through the Claims Administrator in accordance with the terms of the Stipulation for Class Action Settlement.  The settlement payments to each Settlement Class Member that timely submits a Valid Claim will be distributed to Participating Settlement Class Members within twenty-one (21) days of the Effective Settlement Date.

**VIII.**    **BINDING EFFECT/RELEASE OF CLAIMS**

A.    <u>Release of Claims as to all Settlement Class Members</u>.   As of the Effective Date, the Settlement Class Members release Nordstrom and each of its past, present and future officers, directors shareholders, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and its and their respective successors and predecessors in interest, subsidiaries, affiliates, parents and attorneys and each of their company sponsored employee benefit plans and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents (the "Released Parties") from the Released Claims through the date of the claims, objections and opt out deadline for this Settlement.  The Released Claims are claims that all Settlement Class Members who do not opt-out waive and release in exchange for the consideration provided for in the Settlement and include, the claims alleged, or that could have been alleged, by the Named Plaintiffs, on behalf of themselves and Settlement Class Members, based on the facts alleged in their complaints, including for: (1) alleged violations of California minimum wage law (including, without limitation, under California Labor Code sections 1194 and 1197); (2) alleged violations of California  Labor Code sections 201-203 for failing to pay all wages due upon separation; (3) alleged violations of California Labor Code section 226 for failure to provide accurate and complete wage statements; (4) alleged violations of California Business and Professions Code section 17200 *et seq.* based on an alleged failure to pay draw commission employees minimum wage or another contractually agreed wage for all hours worked; (5) breach of contract based on an alleged failure to pay draw commission employees for all hours worked; (6) declaratory relief based on an alleged failure to pay draw commission employees for all hours worked; (7) any claim under the Private Attorney General Act, California Labor Code section 2698 *et seq.* ("PAGA") based on an alleged failure to pay draw commission employees for all hours worked; (8) any other claims that were or could have been brought based on the factual allegations and claims in the Name Plaintiffs' complaints; and  (9) any claim that Nordstrom is liable for the attorneys' fees, costs or other expenses incurred to prosecute this action, including fees incurred for the services of Barnhill & Vaynerov, LLP, Deason & Archbold, and Schwarcz, Rimberg, Boyd & Rader LLP.   The Released Claims do not apply to minimum wage claims for non-draw commission salespeople, such as those in the *Nguyen vs. Nordstrom* case, OCSC Case No. 30-2011-00484903-CU-OE-CXC.

The Released Claims include a California Civil Code section 1542 waiver which applies to the Class Action Claims in this case.  With respect to the Released Claims, the Class Members stipulate and agree that, upon the Effective Date of the Settlement, the Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of California Civil Code section 1542, or any other similar provision under federal or state law.  California Civil Code section 1542 provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

1

2        Settlement Class Members may hereafter discover facts in addition to or different from those they
now know or believe to be true with respect to the subject matter of the Released Claims, but upon the
3    Effective Date, shall be deemed to have, and by operation of the Court's judgment finally approving the
settlement shall have, fully, finally, and forever settled and released any and all of the Released Claims,
4    whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or
heretofore have existed, upon any theory of law or equity now existing, including, but not limited to, conduct
5    that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the
subsequent discovery or existence of such different or additional facts.

6        THE WAIVERS AND RELEASES ARE SET FORTH MORE SPECIFICALLY, AND IN MORE DETAIL, IN
THE STIPULATION FOR CLASS ACTION SETTLEMENT, which is on file with the Clerk of the United States
7    District Court for the Southern District of California.

8    IX.    **PROCEDURE FOR EXCLUSION FROM DAMAGES CLASS**

9        Settlement Class Members may exclude themselves (i.e., "opt-out") from the Class Settlement by
mailing to Rust Consulting, Inc., 777 South Figueroa Street, Suite 4600, Los Angeles, CA 90017, on or before
10   _____ XX, 2014, the enclosed Opt-Out Form expressing their desire to be excluded from the Agreement.
The written statement must include your full name (and former names, if any), current address, and last four
11   digits of your social security number.  In addition, it must be postmarked on or before _____ XX, 2014.
Requests for exclusion that do not include all required information, or that are not submitted on a timely basis,
12   will be deemed null, void and ineffective.  Persons who are eligible to and do submit valid and timely requests
for exclusion from the Class Settlement will not receive monetary settlement awards or Voucher Awards, nor
13   will they be bound by the terms of the proposed Class Settlement, if it is approved.

14   X.    **SETTLEMENT HEARING/OBJECTIONS TO THE PROPOSED SETTLEMENT**

15       A hearing (the "Settlement Hearing") will be held before the United States District Court for the
Southern District of California on _____ XX, 2014, at ___ [a.m./p.m.], at 221 West Broadway San
16   Diego, CA 92101, Courtroom 5D (5th Floor - Schwartz), Suite 5190,  (the "Court"), to determine whether the
proposed Settlement of the Action is fair, adequate and reasonable and should be finally approved by the
17   Court and whether judgment should be entered fully and finally resolving the Action on the merits with
prejudice.

18       Any Settlement Class Member may appear in person or through counsel at the Settlement Hearing
and be heard as to why the proposed Settlement of the Action should not be approved as fair, adequate and
19   reasonable, or why a Final Judgment fully and finally resolving the Action against Nordstrom with prejudice
should or should not be entered.  No Settlement Class Member, however, shall be heard or entitled to object
20   and no papers or briefs submitted by any such person shall be received or considered by the Court unless
written notice of intention to appear at the Settlement Hearing, together with copies of all papers and briefs
21   proposed to be submitted to the Court at the Settlement Hearing, shall have been filed with the Court and
have been served personally on or before _____ XX, 2014, or if by mail then postmarked no later than
22   _____ XX, 2014, upon all of the following:

23   Matthew Archbold, Esq.                          Maxim Vaynerov, Esq.
Deason & Archbold                                Barnhill & Vaynerov LLP
24   3300 Irvine Avenue, Suite 245                    8200 Wilshire Boulevard, Suite 400
Newport Beach, California  92660                 Beverly Hills, California  90211

25   Lee Boyd, Esq.                                   Julie Dunne, Esq.
Schwarcz, Rimberg, Boyd & Rader, LLP             Littler Mendelson, P.C.
26   6310 San Vicente Boulevard, Suite 360            501 West Broadway, Suite 900
Los Angeles, California  90048                   San Diego, California  92101

27

28       Any Settlement Class Member who does not make and serve his or her written objections in the
manner provided above shall be deemed to have waived such objections and shall be foreclosed from making

ORDER                              15.          Master Case No. 10cv2671 JM (WMc)

any objections (by appeal or otherwise) to the Settlement.  Any Settlement Class Member who is satisfied with the proposed Settlement need not appear at the Settlement Hearing.

## XI.   **EXAMINATION OF PAPERS AND INQUIRIES**

The foregoing is only a summary of the Action and the proposed Settlement and does not purport to be comprehensive.  For a more detailed statement of the matters involved in the Action and the proposed Settlement, you may refer to the pleadings, the Stipulation and Settlement Agreement of Class Action Claims, and other papers filed in the Action, which may be inspected at the Office of the Clerk of the United States District Court for the Southern District of California, Office of the Clerk 333 West Broadway, Suite 420, San Diego, CA 92101, during regular business hours of each Court day.

## XII.   **HOW TO OBTAIN ADDITIONAL INFORMATION**

All inquiries by Settlement Class Members regarding this Notice and/or the Settlement should be directed to the Claims Administrator, Rust Consulting, Inc., or Class Counsel, Deason & Archbold, Barnhill & Vaynerov LLP, and Schwarcz, Rimberg, Boyd & Rader LLP.   The contact information for Claims Administrator and Class Counsel is provided below:

**Claims Administrator:**
Rust Consulting, Inc.
777 South Figueroa Street, Suite 4600
Los Angeles, CA 90017
Telephone: (XXX) XXX-XXXX
Facsimile: (XXX) XXX-XXXX

**Class Counsel:**

Matthew F. Archbold
DEASON & ARCHBOLD
3300 Irvine Ave, Suite 245
Newport Beach, CA  92660
Newport Beach, CA  92660
Telephone:      (949) 794-9560
Facsimile:   (949) 794-9517

Kathryn Lee Boyd
SCHWARCZ, RIMBERG, BOYD &
RADER LLP
6310 San Vicente Boulevard, Suite 360
Los Angeles, California 90048
Phone: (323) 302-9488
Fax: (323) 931-4990

Maxim Vaynerov
BARNHILL & VAYNEROV LLP
8200 Wilshire Boulevard, Suite 400
Beverly Hills, California 90211
Telephone: (310) 943-8989

**PLEASE DO NOT CONTACT THE CLERK OF THE COURT OR THE JUDGE WITH INQUIRIES ABOUT THIS CASE**

ORDER                               16.                  Master Case No. 10cv2671 JM (WMc)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Maraventano, et al. v. Nordstrom, Inc.; Balasanyan, et al. v. Nordstrom, Inc.
United States District Court for the Southern District of California
Consolidated Case No. 10cv2671 JM (JLB)

**SAMPLE VOUCHER AWARD**

**_____-DOLLAR ($XX.00) NORDSTROM MERCHANDISE VOUCHER**

This Voucher is subject to the following terms and conditions: (1) Vouchers may be used only for in-store, non-sale purchases at Nordstrom full-line stores in California; (2) Vouchers are not usable for services such as alterations, repairs, shipping, handling or other services, internet or telephone purchases, purchases at Nordstrom Rack Locations, or to pay part or all of any debit or credit card balances; (3) Vouchers are not transferable; (4) Vouchers are not cash or gift cards, and thus, may not be redeemed, in whole or in part, for cash or gift cards or consolidated with gift cards and may not be reloaded with tender or merchandise; and (5) Vouchers that are lost, stolen or damaged will not be replaced.  Any Participating Settlement Class Member eligible for a Nordstrom employee discount may use that discount in conjunction with the use of their Voucher.

[NAME] [VOUCHER NUMBER]

[ADDRESS 1]    [TRACKING NUMBER]      [BAR CODE]

[ADDRESS 2]

Signature:_____

ORDER                                         18.                      Master Case No. 10cv2671 JM (WMc)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLASS ACTION OPT OUT FORM

*GINO MARAVENTANO/ NEESHA KURJI/ GINA BALASANYAN & NUNE NALBANDIAN v. NORDSTROM, INC.*, USDC Case No. 10CV-02671 JM(WMc)

[UNIQUE BARCODE TO BE INSERTED BY CLASS ADMINISTRATOR]

**IF YOU WISH TO BE EXCLUDED FROM THE CLASS ACTION, YOU MUST COMPLETE AND MAIL THIS POSTCARD NO LATER THAN [INSERT DATE]. DO NOT COMPLETE AND RETURN THIS FORM IF YOU WISH TO REMAIN A PART OF THE CLASS ACTION.**

I, _____, elect to opt out of the Class certified by the Court in the

above-stated action.


Dated: _____     _____
                            Signature

                            _____
                            Print Name

                            _____
                            Last Four Digits of Social Security Number OR
                            Nordstrom Employee Identification Number



This is your assigned Opt Out Form. You must use this Opt Out Form in order to opt out of the Class. **If you wish to stay in the Class, do NOT return this postcard**.

ORDER                    20.               Master Case No. 10cv2671 JM (WMc)